FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 13 2008

JAMES N HATTEN, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GENE A. GRISBY, | :: | CIVIL ACTION NO. |
| Inmate # GDC 657771, EF 652515, | :: | 1:08-CV-3338-TCB |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| COBB COUNTY ADULT | :: | PRISONER CIVIL RIGHTS |
| DETENTION CENTER and | :: | 42 U.S.C. § 1983 |
| DR. HINDEZ, | :: | |
| Mental Health Psychiatrist, | :: | |
| Cobb County Adult Detention Center, | | |
| Defendants. | | |

## ORDER AND OPINION

Plaintiff, Gene A. Grisby, an inmate at Hays State Prison in Trion, Georgia, has

submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983.  The

matter is now before the Court for an initial screening.  For the purpose of dismissal

only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

### I. The Legal Framework

**A.     28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening

of a prisoner complaint seeking redress from a governmental entity, or an officer or

employee thereof, to determine whether the action (1) is frivolous, malicious, or fails

to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citation omitted) (edits in original). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

AO 72A
(Rev.8/82)

## B.     42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation). See also L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II.  The Complaint

Plaintiff sets forth the following allegations. He was admitted to the Cobb County Adult Detention Center on September 6, 2007, at which time he informed the medical staff that he was taking medication for both high blood pressure and post traumatic stress disorder (PTSD). Although he received his blood pressure medication the next day, he waited at least "a whole complete month" for his PTSD medications,

3

perhaps longer,[1] despite submitting "numerous medical request[s]." (Compl. ¶ IV.)

Plaintiff seeks injunctive relief[2] and compensatory and punitive damages, as well as

"any other damages" to which the Court deems him entitled, "for the physical and

mental pain and suffering" caused by the alleged deprivation of his PTSD medications

while at the Cobb County Adult Detention Center. (Id. ¶ V.) Plaintiff does not allege

any specific consequences arising from this alleged deprivation.

### III. Discussion

The Eighth Amendment prohibits indifference to a serious medical need so

deliberate that it "constitutes the unnecessary and wanton infliction of pain." Estelle

v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotations omitted). "In this

circuit, it is established that psychiatric needs can constitute serious medical needs and

that the quality of psychiatric care one receives can be so substantial a deviation from

---

[1] It appears that Plaintiff began receiving his PTSD medications on or about October 10, 2007, although his complaint does not make this matter entirely clear. (See Compl. ¶ IV.) The Court notes that Plaintiff began his current incarceration in state prison on March 13, 2008. See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 657771.

[2] Because Plaintiff is no longer incarcerated at the Cobb County Adult Detention Center, he may not obtain injunctive relief in this case. See McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (stating that, in general, "a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief").

4

AO 72A
(Rev.8/82)

accepted standards as to evidence deliberate indifference to those serious psychiatric needs." Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996). However, Plaintiff alleges only that he experienced "physical and mental pain and suffering" as the result of being deprived of his PTSD medications. (Compl. ¶ V.) This "formulaic recitation" fails to state a claim for relief under § 1983. See Twombly, 127 S. Ct. at 1964-65 (noting that "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation omitted) (edits in original).[3]

---

[3] Moreover, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's formulaic allegations of pain and suffering also fail to satisfy this threshold § 1997e(e) requirement. See, e.g., Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002) (stating that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis"); Watkins v. Trinity Serv. Group Inc., No. 8:05-cv-1142, 2006 U.S. Dist. LEXIS 85592, at *10-11 (M.D. Fla. Nov. 27, 2006) (holding that "diarrhea, vomiting, cramps, nausea, and head aches from eating spoiled food " are de minimis injuries, precluding the recovery of compensatory damages under § 1997e(e)). Accordingly, Plaintiff may not recover compensatory or punitive damages based on the allegations in his complaint. See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007). Although nominal damages are available to some plaintiffs despite the § 1997e(e) limitations--see id. (noting "that nominal damages may be appropriate if a plaintiff establishes a violation of a constitutional right, even if he cannot prove actual physical injury sufficient to entitle

5

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and his complaint is hereby **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this _12th_ day of _November_ , 2008.

_[signature]_

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

---

him to compensatory damages"); Baker v. Liadacker, No. 3:08-cv-295, 2008 U.S. Dist. LEXIS 80812, at *5-6 (N.D. Fla. Sept. 18, 2008) (noting that nominal damages "ordinarily do not exceed $1.00")–Plaintiff's complaint fails to state a claim for relief of any kind, including nominal damages, under § 1983.

AO 72A
(Rev.8/82)